NO. 12-04-00364-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
THE STATE OF TEXAS                                   §                 APPEAL FROM THE 
 
FOR THE BEST INTEREST                            §                 COUNTY COURT AT LAW
 
AND PROTECTION OF R.R.                           §                 CHEROKEE COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION

            Appellant R.R. appeals from an order to administer psychoactive medication. After a hearing
without a jury, the trial court entered an order authorizing the Texas Department of Mental Health
and Mental Retardation to administer psychoactive medication to R.R. In one issue, R.R. asserts that
the evidence is legally and factually insufficient to support the order. We affirm.
 
Background
            On October 26, 2004, the trial court entered an order requiring R.R. to submit to temporary
in-patient mental health services. On November 17, 2004, Dr. Larry Hawkins filed an application
requesting the court order an authorization for the administration of psychoactive medication to R.R. 
The application recites that R.R. suffers from Bipolar Disorder I, manic with psychotic features. Dr.
Hawkins indicated that R.R. verbally refuses to take the medication voluntarily. The doctor believes
R.R. lacks the capacity to make a decision regarding administration of psychoactive medication
because he denies that he is mentally ill or that he needs medication. R.R. is unable to weigh the
risks against the benefits of the medication. Dr. Hawkins determined that the requested medication
is the proper course of treatment for R.R. and, with this treatment, his prognosis is good. 
Conversely, without the requested treatment, R.R. may harm himself or others. Medical alternatives
would not be as effective as administration of psychoactive medication and the benefits of
psychoactive medication outweigh the risks.
            Dr. Hawkins testified at the hearing, stating that R.R., who is under court-ordered temporary
mental health services, refused to take his medications voluntarily and lacks the capacity to make
a decision regarding the administration of psychoactive medications. Dr. Hawkins testified that R.R.
is suffering from Bipolar Disorder and that the medications indicated in the exhibit attached to the
application are in the proper course of treatment for R.R. and in his best interest. He stated that R.R.
would likely benefit from taking these medications and the benefits outweigh the risks. R.R.’s
hospital stay would likely be shortened if medications are used.
            On cross-examination, Dr. Hawkins said he has met with R.R. four or five times. R.R. told
him that he does not think he is ill and does not need the medication. Due to his illness, R.R. does
not listen to what others have to say. R.R. has not expressed any constitutional or religious reasons
for not wanting to take the medications. The doctor explained that R.R. has very rapid, pressured
speech. He gets very loud, very threatening, and very volatile. He is very intrusive to other patients
and staff. If he were in the community, rather than a secure environment, he would be putting
himself at risk of someone injuring him because of his threatening and intrusive behavior. Dr.
Hawkins stated that R.R. could not be treated effectively without the anti-psychotic medications
because his illness only responds well to medication, not therapy. The doctor stated that R.R. would
improve much quicker if he were on medication.
            R.R. testified in his own behalf. He explained that he has been on the Veterans
Administration’s psychiatric ward and he presently takes medications for his physical injuries. He
does not feel that he needs anti-psychotic medication and he does not feel that he is mentally ill. He
does feel that he can exist in society and not harm anyone. He can provide food for himself and take
care of himself. He does not feel that he needs the help of medication to do that.
            The trial court granted the application and entered an order to administer psychoactive
medication for the period of temporary commitment.
 
 
Sufficiency of the Evidence
            In his sole issue, R.R. asserts the evidence is neither legally nor factually sufficient to support
the order to administer psychoactive medication. He contends that, although the doctor testified to
the essential elements necessary to prove a prima facie case, the State did not prove by clear and
convincing evidence that he lacks the capacity to make a decision regarding administration of
psychoactive medication or that the medication is in his best interest.
Standard of Review
            In a legal sufficiency review where the burden of proof is clear and convincing evidence, the
reviewing court must consider all of the evidence in the light most favorable to the finding to
determine whether a reasonable trier of fact could have formed a firm belief or conviction that its
finding was true. In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002). The reviewing court must assume
that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do
so. Id. A court should disregard all evidence that a reasonable factfinder could have disbelieved or
found to have been incredible. Id. 
            In addressing a factual sufficiency of the evidence challenge, we must consider all the
evidence in the record, both in support of and contrary to the trial court’s findings. In re C.H., 89
S.W.3d 17, 27-29 (Tex. 2002). This court must give due consideration to evidence that the
factfinder could reasonably have found to be clear and convincing. Id. at 25. We must determine
whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about
the truth of the State’s allegations. Id. We must consider whether disputed evidence is such that a
reasonable trier of fact could not have reconciled that disputed evidence in favor of its finding. In
re J.F.C., 96 S.W.3d at 266. Appellate courts retain deference for the constitutional roles of the
factfinder. In re C.H., 89 S.W.3d at 26. The trier of fact is the exclusive judge of the credibility of
the witnesses and the weight to be given their testimony. See id. at 27; In re J.J.O., 131 S.W.3d 618,
632 (Tex. App.–Fort Worth 2004, no pet.).
Applicable Law and Analysis
            The court may enter an order authorizing the administration of psychoactive medication if
it finds by clear and convincing evidence that the patient is under an order for temporary or extended
mental health services, the patient lacks the capacity to make a decision regarding the administration
of the proposed medication, and treatment with the proposed medication is in the best interest of the
patient. Tex. Health & Safety Code Ann. § 574.106(a) (Vernon 2003). In determining that there
is a need for psychoactive medication, the court is required to consider the following:
 
              (1) the patient’s expressed preferences regarding treatment with psychoactive medication;
              (2) the patient’s religious beliefs;
              (3) the risks and benefits, from the perspective of the patient, of taking psychoactive medication;
              (4) the consequences to the patient if the psychoactive medication is not administered;
              (5) the prognosis for the patient if the patient is treated with psychoactive medication; and
              (6) alternatives to treatment with psychoactive medication.
 
Tex. Health & Safety Code Ann. § 574.106(b) (Vernon 2003).
            Dr. Hawkins testified that R.R. was, at the time of the hearing, under an order for temporary
mental health services. The doctor testified that R.R. suffers from Bipolar Disorder and lacks the
capacity to make a decision regarding administration of psychoactive medication. The medications
are in R.R.’s best interest, the benefits outweigh the risks, and his hospital stay would be shortened
if medications are used. Dr. Hawkins testified that, although he explained to R.R. how the
medications would help, due to his illness, R.R. does not listen to what others say. 
            Considering all the evidence in the light most favorable to the findings, we conclude a
reasonable trier of fact could have formed a firm belief or conviction that R.R. lacked the capacity
to make a decision regarding administration of the proposed medication. See In re J.F.C., 96
S.W.3d at 266. This evidence satisfies the statutory requirement for clear and convincing evidence
in support of the order for administration of psychoactive medication. See Tex. Health & Safety
Code Ann. § 574.106(a). The evidence is legally sufficient to support the trial court’s order. See
In re J.F.C., 96 S.W.3d at 266.
            In addressing R.R.’s factual sufficiency complaint, we consider all the evidence, giving due
consideration to evidence the factfinder could reasonably have found to be clear and convincing. 
In re C.H., 89 S.W.3d at 25. R.R. testified that he takes certain medicines to address physical
problems, but he is not mentally ill and therefore does not need to take anti-psychotic medication. 
He does not believe he needs the help of medication to take care of himself. In light of the entire
record, the evidence that the trial court could not have credited in favor of its findings is not so
significant that the trial court could not reasonably form a firm belief or conviction that R.R. lacks
the capacity to make a decision regarding the administration of the proposed medication and that
treatment with the proposed medication is in his best interest. See id. Thus, the evidence is factually
sufficient to support the trial court’s findings. See Tex. Health & Safety Code Ann. § 574.106(a). 
Because we hold the evidence is both legally and factually sufficient to support the trial court’s
order, we overrule R.R.’s sole issue.

Disposition
            We affirm the trial court’s order for administration of psychoactive medication.
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered June 30, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


















(PUBLISH)